# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 17-197 |
| | : | |
| RICHARD BOYLE, | : | |

## **M E M O R A N D U M**

PRATTER, J.                                                                                           SEPTEMBER 26, 2018

Mr. Boyle is accused of robbing a number of banks over the course of four years. In light of the Supreme Court of the United States' recent decision in *Carpenter v. U.S.*, 138 S. Ct. 2206 (2018), Mr. Boyle has moved to suppress the historical cell-site location information associated with his cell phone that was gathered by law enforcement personnel without a warrant. The Government opposes the motion on the grounds that the officers acted in good faith and, therefore, the absence of a warrant is not debilitating and the exclusionary rule should not apply. Following oral argument held on September 14, 2018, and upon review of the applicable case law, the Court denies Mr. Boyle's motion.

### BACKGROUND

Mr. Boyle is accused of robbing 11 banks in Bucks and Montgomery counties between June 2012 and July 2016. During the course of the investigation, government agents obtained historical cell-site location information (CSLI) for Mr. Boyle's cell phone, without a warrant, though an order was issued pursuant to 18 U.S.C. § 2703. This provision of the Stored Communications Act allows a governmental entity to obtain a subscriber's records from a service provider by means of a court order, as opposed to a warrant, if the "governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the

1

contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(c)–(d).

In this case, two such orders were issued by judges for the Court of Common Pleas for Montgomery County. The first was issued by Senior Judge Calvin S. Drayer, Jr. on October 26, 2016 and the second was issued by Senior Judge S. Gerald Corso on November 2, 2016. The orders are almost identical, except that the November order includes additional language about "historical location based service records" for the networks of other cellular service providers.

At the time these orders were issued, they were in accordance with the statute and binding Third Circuit Court of Appeals case law. However, the Supreme Court has since concluded that "an order issued under Section 2703(d) of the Act is not a permissible mechanism for accessing historical cell-site records. Before compelling a wireless carrier to turn over a subscriber's CSLI, the Government's obligation is a familiar one — get a warrant." *Carpenter*, 138 S. Ct. at 2221.

The Government intends to introduce the CSLI at trial. Mr. Boyle now moves to suppress the CSLI, arguing that the warrantless seizure invaded his reasonable expectation of privacy and the exclusionary rule should apply. The Government contends that its agents' actions were in good faith, and the exclusionary rule should not apply because those agents relied on "a statute, case law, and the approval of two senior judges in obtaining CSLI based upon the showing that was then expressly required by law." Govt.'s Response at p. 5 (Doc. No. 51).

## DISCUSSION

Under the Supreme Court's ruling in *Carpenter*, Mr. Boyle is correct that the Government agents violated his rights under the Fourth Amendment when they obtained his CSLI without a warrant. However, the Court concludes that those Government agents acted in

good faith reliance on a federal statute and controlling circuit court precedent when they did so. As a result, the exclusionary rule should not apply.

"The Fourth Amendment protects the right to be free from 'unreasonable searches and seizures,' but it is silent about how this right is to be enforced." *Davis v. United States*, 564 U.S. 229, 230–31 (2011). The Supreme Court created the exclusionary rule as a way to "supplement the bare text" of the Amendment. *Id.* at 231. The exclusionary rule acts as "a deterrent sanction that bars the prosecution from introducing evidence obtained by way of a Fourth Amendment violation." *Id.* at 231–32. However, "the exclusionary rule is not an individual right and applies only where it 'result[s] in appreciable deterrence.'" *Herring v. United States*, 555 U.S. 135, 141 (2009) (quoting *United States v. Leon*, 468 U.S. 897, 909 (1984)) (alteration in original).

Although the Government agents undoubtedly violated Mr. Boyle's rights when they obtained his CSLI without first obtaining a warrant, that does not end the inquiry. The Court must next consider whether excluding the CSLI would deter future violations. The Supreme Court has noted that, "when the police act with an objectively 'reasonable good-faith belief' that their conduct is lawful . . . the deterrence rationale loses much of its force." *Davis*, 564 U.S. at 238 (citing *Leon*, 468 U.S. 897) (citations and internal quotations omitted).

"The Court has over time applied this 'good-faith' exception across a range of cases." *Id.* at 238–39; *see Herring*, 555 U.S. at 142 (summarizing Supreme Court cases that applied the good faith exception); *Leon*, 468 U.S. at 922 (applying the good faith exception when officers reasonably relied on a subsequently invalidated warrant). "Unless a statute is clearly unconstitutional, an officer cannot be expected to question the judgment of the legislature that passed the law. If the statute is subsequently declared unconstitutional, excluding evidence

obtained pursuant to it prior to such a judicial declaration will not deter future Fourth Amendment violations." *Illinois v. Krull*, 480 U.S. 340, 349–50 (1987).

Here, the Government agents acted in good faith to obtain Mr. Boyle's CSLI in 2016. The Government agents first sought court orders for the CSLI from Judge Drayer and Judge Corso pursuant to 18 U.S.C. § 2703(d). Furthermore, for several years prior to the agents' approach to the judges the Third Circuit Court of Appeals had explicitly upheld Section 2703(d) in 2010 when its constitutionality was challenged under the Fourth Amendment. *In re Application of U.S. for an Order Directing a Provider of Elec. Commc'n Service to Disclose Records to Government*, 620 F.3d 304, 313 (3d Cir. 2010) ("In sum, we hold that CSLI from cell phone calls is obtainable under a § 2703(d) order and that such an order does not require the traditional probable cause determination.").

Mr. Boyle argues that the Government agents' 2016 reliance on *In re Application* was unreasonable in light of the Supreme Court's decision in *Riley v. California*, 134 S. Ct. 2473, 2485 (2014). In *Riley*, the Supreme Court determined that law enforcement officers must generally secure a warrant before searching the data on a cell phone. *Id.* at 2485. Mr. Boyle contends that, in 2016, the Government should have anticipated *Carpenter* (which was issued two year later) as a logical outgrowth of the 2014 decision in *Riley*.[1] But, three years *after* the Supreme Court decided *Riley*, and nine months after the orders were issued in this case, the Third Circuit Court of Appeals expressly continued to uphold Section 2703(d)'s validity. *See United*

---

[1]   Counsel for the Government correctly noted at oral argument that the Supreme Court explained in a footnote in *Riley* that the cases the Court was considering in that opinion involved "*searches* incident to arrest" and did "not implicate the question whether the collection or inspection of aggregated digital information amounts to a search under other circumstances." 134 S. Ct. at 2439 n.1. One could reasonably conclude that CSLI is exactly the type of "aggregated digital information" the Court explicitly did not implicate in *Riley*, which further dispels the notion that these Government agents in what became the Boyle investigation should have anticipated the Court's subsequent decision in *Carpenter*.

*States v. Stimler*, 864 F.3d 253 (3d Cir. 2017) ("However, *Riley* focused primarily on protecting the *contents* of cell phones, not metadata generated from cell phone usage. This distinction is far from trivial . . . .").

It would be indeed surprising to expect, much less demand, law enforcement officers to better predict how the Supreme Court will rule on an issue than all of the circuit courts of appeals judges who had ruled on the issue up to that point. *See United States v. Thompson*, 866 F.3d 1149 (10th Cir. 2017); *United States v. Graham*, 824 F.3d 41 (4th Cir. 2016); *United States v. Carpenter*, 819 F.3d 880 (6th Cir. 2016), *cert. granted*, 137 S. Ct. 2211 (2017), *and rev'd and remanded*, 138 S. Ct. 2206 (2018).[2]

This Court is mindful of the risk of allowing the good faith exception to swallow up the exclusionary rule. However, this case presents the Court with an excellent example of when the good faith exception *should* apply. Here, there was statutory and decisional support for the actions of law enforcement personnel and they were measured and respectful of both in securing judicial permission to proceed. "The question here is whether to apply this sanction when the police conduct a search in compliance with binding precedent that is later overruled. Because suppression would do nothing to deter police misconduct in these circumstances, . . . searches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule." *Davis*, 564 U.S. at 232.

---

[2] Mr. Boyle's counsel emphasized that Judge Restrepo's concurrence in *Stimler* did anticipate the Supreme Court's ruling in *Carpenter*. *Stimler*, 864 F.3d at 275. And yet, Judge Restrepo would not have suppressed the CSLI evidence in *Stimler* because of the good faith exception to the warrant requirement. *Id*. at 279. In raising Judge Restrepo's concurrence, counsel was, of course, performing his professional and advocacy obligations, but, in this instance, it is unavailing.

## CONCLUSION

The Government agents in this case were objectively reasonable to rely on then binding case law from the Third Circuit Court of Appeals. The Court does not doubt that they acted in good faith when they obtained Mr. Boyle's CSLI. Because of this, application of the exclusionary rule in this case would not serve a deterrent effect.

For the reasons set out in this memorandum, the Court denies Mr. Boyle's motion.

BY THE COURT:

 /s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE